USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/7/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENE MORETTI,

                              Plaintiff,

-against-

LUXURY CARS OF WESTCHESTER LLC,
DARCARS LEXUS OF MOUNT KISCO,
DARCARS OF KISCO AVENUE, INC.,
DARCARS OF MT. KISCO, INC., DARCARS
AUTOMOTIVE GROUP, and MARIAM INC.,

                              Defendants.

23-CV-6067 (NSR)

ORDER

---

NELSON S. ROMÁN, United States District Judge:

      On August 20, 2025, the Court issued an Opinion & Order granting Plaintiff leave to file a Third Amended Complaint by September 22, 2025. (ECF No. 72.) As of today, October 7, 2025, Plaintiff has not filed a Third Amended Complaint. Consistent with the Opinion & Order and following Plaintiff's failure to file a Third Amended Complaint by the deadline, the claims dismissed without prejudice by the Opinion & Order are now deemed dismissed with prejudice and this case is terminated.

      Federal Rule of Civil Procedure 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Santana v. Doe*, No. 21CIV4720PGGGWG, 2023 WL 1490547, at *2 (S.D.N.Y. Feb. 3, 2023) (dismissing case without prejudice following pro se plaintiff's failure to file a third amended complaint by the court-ordered deadline) (internal quotations omitted); *see also Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

Here, Plaintiff, who is represented by counsel, has not communicated with the court since filing his Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Second Amended Complaint on September 30, 2024. (ECF No. 70.) Consequently, the Court has no reason to believe that Plaintiff ever intended to file a Third Amended Complaint or unintentionally missed the deadline, particularly when Plaintiff availed himself of several past opportunities to file a complaint. *See e.g.*, ECF Nos. 34, 56. Accordingly, Plaintiff's failure to file a Third Amended Complaint by the court-ordered deadline favors dismissal of this action with prejudice.

The Clerk of Court is kindly directed to terminate this action.

SO ORDERED.

Dated: October 7, 2025
      White Plains, New York

_____
Nelson S. Román, U.S.D.J.